IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| BRIANNA THOMAS, | ) | |
| | ) | Case No. **4:21-cv-610** |
| Plaintiff, | ) | |
| | ) | Removed from the Circuit Court of |
| v. | ) | Jackson County, Missouri, at Kansas |
| | ) | City, Case No. 2016-CV24680 |
| H&M HENNES & MAURITZ, L.P., | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) | |

## NOTICE OF REMOVAL OF CIVIL ACTION

Defendant H&M Hennes & Mauritz, L.P. ("H&M" or "Defendant"), by and through the undersigned counsel, Baker Sterchi Cowden & Rice LLC, and with full reservation of all defenses, objections, and exceptions, including but not limited to service, jurisdiction, venue, and statute of limitations, hereby removes the above-entitled civil action, and all claims and causes of action therein, from the Circuit Court of Jackson County, Missouri, to the United States District Court for the Western District of Missouri, Western Division, pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446. As grounds for removal, H&M asserts the following:

**I.   THE STATE COURT ACTION**

1. On November 25, 2020, Plaintiff Brianna Thomas ("Plaintiff") filed but did not serve a petition for damages (the "Petition") against H&M in the Circuit Court of Jackson County, Missouri at Kansas City, titled *Brianna Thomas v. H&M Hennes & Mauritz L.P.,* Case No. 2016-CV24680. The Petition is included within **Exhibit A**, attached hereto.

2. On July 27, 2021, Plaintiff served the Petition on H&M.

3. In essence, Plaintiff alleges that H&M employees discriminated against her on account of her race while she was shopping in an H&M store in July of 2017. Specifically,

Plaintiff alleges she was "subjected to race discrimination and harassment by Defendant in the following ways including, but not limited to subjecting [her] to unwanted, and other offensive treatment such as constant surveillance while being a potential customer and refusal to allow [her] to be an ordinary customer perusing consumer goods." Petition, ¶ 55, **Exhibit A**. Plaintiff further alleges that H&M's conduct "was adverse and damaging and caused [her] great emotional upset" and that she is "frequently anxious, loses sleep, cannot focus for extended periods of time, and is fearful of what else might happen to her." Petition, ¶ 57, **Exhibit A**.

4. Plaintiff asserts claims for (1) race discrimination and harassment in violation of 42 U.S.C. § 1981, (2) retaliation in violation of 42 U.S.C. § 1981, (3) intentional infliction of emotional distress, and (4) negligent hiring or retention. Petition, ¶¶ 52-74, **Exhibit A**. Plaintiff seeks actual damages, compensatory damages, punitive damages, attorneys' fees and costs, and other equitable and legal relief as the Court deems appropriate and just. Petition, ¶¶ 58, 65, 69, 74, **Exhibit A**.

## II.  JURISDICTION AND VENUE

**This Court has original jurisdiction of this civil action because it arises under the laws of the United States and therefore meets the removal requirements for Federal Question Jurisdiction.**

1. H&M may remove the above action to this Court pursuant to the provisions of 28 U.S.C. § 1331 because the Petition alleges violations of 42 U.S.C. § 1981, a federal statute.

2. An action "arises under" federal law within the meaning of § 1331 if federal law creates the cause of action and/or grants federal jurisdiction to hear the case. *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). The plaintiff's complaint controls whether federal jurisdiction exists, and any federal issue must be an essential element of

the plaintiff's cause of action. *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 10-11 (1983).

3. It is evident from the face of the Petition that Plaintiff's claims are brought under 42 U.S.C. § 1981, a federal statute over which federal courts properly exercise original jurisdiction under 28 U.S.C. § 1331. Since the above-described action arises under 42 U.S.C. § 1981, this Court has original jurisdiction of this action without regard to the amount in controversy, or diversity of citizenship. The action may therefore be removed to this Court pursuant to 28 U.S.C. § 1441(a).

**This Court has supplemental jurisdiction of Plaintiff's remaining state law claims because the state law claims are so related to Plaintiff's 42 U.S.C. § 1981 claims that they form part of the same case or controversy and therefore meet the removal requirements for Supplemental Jurisdiction.**

4. Under 28 U.S.C. § 1367(a), the Court may exercise supplemental jurisdiction over "all other claims that are so related to claims in the action … that they form part of the same case or controversy …."

5. As set forth above, Plaintiff brings state law causes of action for intentional infliction of emotional distress and negligent hiring and retention along with her federal discrimination and harassment and retaliation claims. Each of Plaintiff's causes of action are based on the same factual allegations stemming from the alleged discrimination she experienced by H&M. Plaintiff also seeks the same relief for her state law claims as for her federal claims. Accordingly, this Court has supplemental jurisdiction over Plaintiff's state law claims because they form part of the same case or controversy as Plaintiff's 42 U.S.C. § 1981 claims.

**Venue is proper in this Court as it embraces the place where the state court action is currently pending.**

Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a), which provides in pertinent part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."  The Circuit Court of Jackson County, Missouri, where the case is currently pending, is a state court within the Western District of Missouri.  Indeed, removal is proper under 28 U.S.C. § 1441 where this Court has original subject-matter jurisdiction over an action.

### III.     H&M HAS SATISFIED ALL APPLICABLE PROCEDURAL REQUIREMENTS FOR REMOVAL

1.      This Notice of Removal is properly directed to this Court pursuant to 28 U.S.C. § 1446(a), as it is the United States District Court embracing the Circuit Court of Jackson County, Missouri, where Plaintiff's action is currently pending.  *See* 28 U.S.C. § 96.

2.      Removal is timely under 28 U.S.C. § 1446(b).  Although Plaintiff filed the state court action on November 25, 2020, Plaintiff did not cause the Petition to be served on H&M until July 27, 2021.  Therefore, this Notice of Removal is brought within 30 days of service upon H&M as required by 28 U.S.C. § 1446(b).

3.      In accordance with 28 U.S.C. § 1446(a), copies of all process and papers received by H&M in the state court action have been attached to this Notice of Removal as **Exhibit A**.

4.      Pursuant to 28 U.S.C. § 1446(d), H&M will promptly serve a copy of this Notice of Removal upon all counsel of record and will file a copy of this Notice with the clerk of the Circuit Court of Jackson County, Missouri at Kansas City.  A copy of this Notice is attached hereto as **Exhibit B**.

4

Case 4:21-cv-00610-SRB   Document 1   Filed 08/23/21   Page 4 of 5

## IV. CONCLUSION

WHEREFORE, and for the forgoing reasons, Defendant H&M removes this action from the Circuit Court of Jackson County, Missouri, respectfully requests that this Court proceed with this lawsuit as if it had been originally filed in this Court, and that the Court grant H&M such other relief to which it is justly entitled.

Dated: August 23, 2021

                                       Respectfully submitted,

                                       */s/ Elizabeth M. Miller*
                                       Elizabeth M. Miller    MO # 70250
                                       BAKER STERCHI COWDEN & RICE LLC
                                       2400 Pershing Road, Suite 500
                                       Kansas City, MO 64108
                                       Telephone:    (816) 471-2121
                                       Facsimile:    (816) 472-0288
                                       emiller@bscr-law.com

**ATTORNEY FOR DEFENDANT**

## CERTIFICATE OF SERVICE

On the 23rd day of August, 2021, the forgoing was filed electronically using this Court's CM/ECF System, which sent a notice of electronic filing to all counsel of record, and also served this document via U.S. Mail, postage prepaid, to the following:

Gerald Gray II
G. GRAY LAW, LLC
104 West 9th Street, Suite 401
Kansas City, MO 64105
ggraylaw@outlook.com

**ATTORNEY FOR PLAINTIFF**

                                                                 */s/ Elizabeth M. Miller*